| | |
|---|---|
| Name | **Barry E. Borowitz** |
| Address | **Borowitz, Lozano & Clark, LLP** |
| | **100 N. Barranca Avenue, Suite 250** |
| | **West Covina, CA 91791-1600** |

Telephone **(626) 332-8600**    (FAX) **(626) 332-8644**

☒ Attorney for Debtor(s)    Attorney's
☐ Debtor(s) in Pro Se    State Bar I.D. No. **167418**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| List all names, including trade names, used by Debtor(s) within last 6 years:<br><br>**Betty Jo Tyler** | Chapter 13 Case No.<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |
|---|---|

## NOTICE

This plan is proposed by the above debtor.* The debtor attests, under penalty of perjury, that the information stated in this plan is accurate. Creditors cannot vote on this plan. However, creditors may object to this plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the debtor, debtor's attorney (if any), and the chapter 13 trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this chapter 13 plan. The plan, if confirmed, modifies the rights and duties of the debtor and creditors to the treatment provided in the plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Holders of secured claims will be paid on their secured claims according to this plan unless the secured creditor files a proof of claim in a different amount than that provided in the plan. If a secured creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS (INCLUDING PRIORITY CLAIMS, DEFICIENCY CLAIMS, ALL OTHER KINDS OF UNSECURED CLAIMS) MUST TIMELY FILE PROOFS OF CLAIM, OR THEY WILL NOT BE PAID ANY AMOUNT.**
A debtor who confirms a chapter 13 plan may be eligible thereafter to receive a discharge of the debts to the extent specified in 11 U.S.C. § 1328.

*Any reference to the singular shall include the plural in the case of joint debtors.*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

**Case No.:** _____

Debtor proposes the following chapter 13 Plan and makes the following declarations:

I. **PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:**

Debtor submits the following to the supervision and control of the trustee:

A. Payments by debtor of **$168.51** per month for **53** months. This monthly payment will begin within 30 days of the date the petition was filed.

Debtor will pay __0__ % of the allowed claims of general unsecured creditors. If that percentage is less than 100%, the debtor will pay the plan payment stated in this plan for the full term of the plan.

If the allowed general unsecured claims filed by creditors in this case total more than the amount stated in this plan, the debtor will: (1) obtain an order increasing the duration and/or amount of the monthly plan payment to provide for an amount sufficient to pay the above-stated percentage of the allowed claims filed by the unsecured creditors, or (2) obtain an order reducing the stated percentage. Failure to do one of the above may result in dismissal of the case.

If the allowed general unsecured claims filed by creditors in this case total less than the amount stated in this plan, the above monthly plan payment may be sufficient to pay higher than the stated percent to general unsecured creditors. In this event, the debtor must still make the stated plan payment for the full plan term, and the trustee shall disburse said funds in payment of allowed unsecured claims up to payment of 100% thereof.

B. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

C. Other property: (specify property or indicate none)
   **NONE**

Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities.

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:** Except as otherwise provided in the plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

1. **ORDER OF PAYMENTS:**

   1. The chapter 13 trustee's fee up to but not more than the amount accrued on actual payments made to date;

   2. Administrative expenses (including but not limited to attorney's fees) in an amount up to but not more than __100__ % of each plan payment until paid in full;

   3. Pro rata to all other classes up to the monthly amounts set forth in the plan, except that no payment shall be made on Class Five claims until all Class One claims have been paid in full.

2. **CLASSIFICATION AND TREATMENT OF CLAIMS:**

   1. **CLASS ONE** - Allowed unsecured claims entitled to priority under 11 U.S.C. § 507. Debtor will pay Class One claims in full in deferred payments, provided a proof of claim has been filed, as follows:

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*                                                                   **F3015-1.1**
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

**Case No.:** _____

|   | | AMOUNT OF PRIORITY CLAIM | MONTHLY PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. | Administrative Expenses | | | | |
|    | (1) Trustee's Fee | (estimated at **11**% of plan payment amounts) | | | |
|    | (2) Attorney's Fees | $ **2,300.00** | $ **151.81** | # **(1-4)4** | $ **2,300.00** |
|    | (3) Other | $ **-NONE-** | $ **76.94** | # **(5-26)22** | $ |
| b. | Internal Revenue Service **-NONE-** | $ | $ | # | $ |
| c. | Franchise Tax Board **-NONE-** | $ | $ | # | $ |
| d. | Other **-NONE-** | $ | $ | # | $ |

**2. CLASS TWO** - Claims secured solely by real property that is the debtor's PRINCIPAL RESIDENCE.

a. Debtor will make all postpetition payments pursuant to the promissory note and deed of trust on the following claims on which the obligation matures **AFTER** the final payment is due under this plan:

  1. ☐ Directly to Trustee:

  2. ☐ Directly to Creditor:

b. Debtor will make all postpetition payments pursuant to the promissory note and deed of trust on the following claims on which the obligation matures **BEFORE** the final payment is due under this plan:
  **-NONE-**

c. Debtor will cure all prepetition arrearages through the plan payment as set forth below:

| **Name of Creditor and Last Four Digits of Loan Number** | AMOUNT OF ARREARAGES | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| Name: **-NONE-** | | | | | |
| Loan No. | | | | | |
| Cure of Default | $ | % | $ | # | $ |

d. Pursuant to Sections 1322(c)(2) and 1325(a)(5), Debtor will pay the following claim(s) on which the obligation matures **BEFORE** the final payment is due under this plan as follows:

| NAME OF CREDITOR | AMOUNT | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | $ | % | $ | # | $ |

Each creditor will retain its lien until its secured claim is paid in full or it is otherwise satisfied by surrender, agreement, or order of the court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

**Case No.:** _____

3. **CLASS THREE** - Secured claims on real or personal property which are paid in full during the term of the plan, including but not limited to a claim which is not secured solely by a security interest in the debtor's principal residence. Class Three claims will be paid in monthly payments as set forth below. Debtor is the owner of the property serving as collateral, is aware of its condition and, where the secured claim is less than the amount of the debt, believes its value is as set forth below under the heading "Amount of Secured Claim." The value as of the effective date of the plan of the series of payments to be distributed under the plan on account of each secured claim provided for by the plan is equal to the allowed amount of such claim. Any unsecured amount resulting from a deficiency in the value of the collateral is included in Class Five, or if appropriate, in Class One.

| Name of Creditor and Last Four Digits of Loan Number | TOTAL AMOUNT OF CLAIM | AMOUNT OF SECURED CLAIM | INTEREST RATE ON SECURED CLAIM | AMOUNT OF UNSECURED CLAIM | MONTHLY PAYMENT | TOTAL NUMBER OF PAYMENTS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Name **Chase** | | | | | 74.87 | 5-26 | |
| Loan No. **xxxxxxxxxx 5307** | $ 4,330.00 | $ 4,330.00 | % 10.00 | $ 0.00 | $ 151.81 | # 27-53 | $ 5,745.15 |

Each creditor will retain its lien until (1) if oversecured, its secured claim is paid in full, or (2) if undersecured, its secured claim is paid in full and the debtor receives a discharge under chapter 13.

4. **CLASS FOUR** - Claims secured by real or personal property other than the debtor's principal residence for which arrearages are paid as part of the plan payment and for which the ongoing obligation will be paid according to the terms of the agreement to the party stated below. The value as of the effective date of the plan of the series of payments to be distributed under the plan on account of each secured claim provided for by the plan is equal to the allowed amount of such claim. Defaults will be cured using the interest rate set forth below. (If more than two creditors, attach separate exhibits.)

| Name of Creditor and Last Four Digits of Loan Number | AMOUNT OF ARREARAGES | INTEREST RATE ON ARREARAGES | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| Name **-NONE-** | | | | | |
| Loan No. _____ | | | | | |
| 1) Cure of default | $ _____ | % _____ | $ _____ | # _____ | $ _____ |
| 2) Regular monthly payment | | | $ _____ | # _____ | $ _____ |

☐ To the trustee as part of the plan payment during the life of the plan and thereafter directly to the creditor.

☐ Directly to the creditor

Each creditor will retain its lien until (1) if oversecured, its secured claim is paid in full, or (2) if undersecured, its secured claim is paid in full and the debtor receives a discharge under chapter 13.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*                                                                           **F3015-1.1**
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**Case No.:** _____

5. **CLASS FIVE** - Non-priority Unsecured Claims. Debtor estimates that non-priority general unsecured claims total the sum of **$ 5,173.00** . Class Five claims will be paid as follows, subject to the terms of IA herein:

   (Check one box only.)

   ☒ Class Five claims (including allowed unsecured amounts from Class Three) are of one class and will be paid pro rata at **0** % of such claims. Unless the plan provides for payment of 100% to unsecured creditors, the debtor will pay all disposable income to the trustee for at least 36 months and will submit statements of income to the trustee on a semi-annual/annual basis. The amount of income shall be reviewed by the trustee who may petition the court to increase the monthly payments for cause.

   **OR**

   ☐ Class Five claims will be divided into subclasses as shown on the attached Exhibit ____ and paid pro rata in each subclass as indicated therein. The Plan provides the same treatment for each claim within each subclass of Class Five. The claims of each subclass are substantially similar and the division into subclasses does not discriminate unfairly.

6. **CLASS SIX -** Postpetition claims under 11 U.S.C. § 1305. Postpetition claims allowed under 11 U.S.C. § 1305 will be paid in full in equal monthly installments commencing no later than 30 days after entry of an order allowing such claims and concluding on the date of the last payment under the plan, provided sufficient funds are available under the plan or amended plan.

III. **COMPARISON WITH CHAPTER 7** - The value as of the effective date of the plan of property to be distributed under the plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The percentage distribution to general unsecured creditors in chapter 7 would be (estimate) **0.0 %** .

IV. **PLAN ANALYSIS** - TOTAL PAYMENT PROVIDED FOR UNDER THE PLAN

| | |
|---|---:|
| CLASS ONE | |
|     Unpaid attorney's fee | $ 2,300.00 |
|     Internal Revenue Service | $ 0.00 |
|     Franchise Tax Board | $ 0.00 |
|     Other | $ 0.00 |
| CLASS TWO | $ 0.00 |
| CLASS THREE | $ 5,745.15 |
| CLASS FOUR | $ 0.00 |
| CLASS FIVE | $ 0.78 |
|     SUB-TOTAL | $ 8,045.93 |
|     TRUSTEE'S FEES (Estimate **11**% unless advised otherwise.) | $ 885.10 |
|     TOTAL PAYMENTS | $ 8,931.03 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*                                                                                                                      **F3015-1.1**
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                         Best Case Bankruptcy

**Case No.:** _____

## V. ENLARGEMENT OF TIME FOR PAYMENTS

If the plan provides for payments over a period of more than 36 months, cause exists as follows:

☐ The plan proposes to pay at least 70% of unsecured claims.

☒ Other:

## VI. DEBTOR'S ABILITY TO MAKE PAYMENTS AND COMPLY WITH BANKRUPTCY CODE

Debtor will be able to make all payments and comply with all provisions of the plan, based upon the availability to the debtor of the income and property the debtor proposes to use to complete the plan.

This plan complies with the provisions of chapter 13 and all other applicable provisions of the Bankruptcy Code. Any fee, charge, or amount required to be paid under the United States Code or required by the plan to be paid before confirmation has been paid or will be paid prior to confirmation. The plan has been proposed in good faith and not by any means forbidden by law.

## VII. OTHER PROVISIONS

A. Debtor rejects the following executory contracts and unexpired leases:
   **Name of Other Party:**                    **Description of contract/lease:**
   -NONE-

B. Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and debtor's proposal for cure of said default(s) is described. Evidence satisfying all requirements for assumption is provided in a separately filed pleading.
   **Name of Other Party:**                    **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Section II herein, the debtor will make regular payments directly to the following:
   **Creditor Name:**                          **Monthly Payment**
   -NONE-

D. Debtor hereby surrenders the following personal or real property:
   **Creditor Name:**                          **Description:**
   -NONE-

E. Miscellaneous provisions (specify):


F. The trustee is authorized to disburse funds after the date of confirmation in open court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*                                                                                                **F3015-1.1**
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

**Case No.:** _____

## VIII. REVESTMENT OF PROPERTY

Property of the estate shall not revest in the debtor until such time as a discharge is granted or the case is dismissed. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate, except to respond to any motion for proposed use, sale, or refinance as required by the Chapter 13 General Order of this court. Prior to any discharge or dismissal, the debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: _____                    /s/ Barry E. Borowitz
                                                  **Barry E. Borowitz**
                                                  **167418**
                                                  Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed at: _____ , California    /s/ Betty Jo Tyler
                                                    **Betty Jo Tyler**
                                                    Debtor

Executed on: _____

                                                    Joint Debtor

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2003*                                                                                  **F3015-1.1**
Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                Best Case Bankruptcy